IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00237-PAB-NYW

GINA PEREZ,

   Plaintiff,

v.

FRANKLIN CORPORATION,

   Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiff's Unopposed Second Motion for Leave to Amend Complaint to Join Parties [Docket No. 43].

## I.   BACKGROUND

This case began in state court against just one defendant, Franklin Corporation. Docket No. 1-1.  After Franklin removed the case to this Court, plaintiff filed an amended complaint, adding three defendants to the action – LogicData North America, Inc., Limoss US, LLC, and Raffel Systems, LLC (together, the "joined defendants"). Docket No. 17.  On April 27, 2020, the Court ordered plaintiff to show cause why the joinder of the joined defendants should not be denied or this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.  Docket No. 35.  Plaintiff did not respond to the order to show cause.  As a result, the Court dismissed the claims against the joined defendants pursuant to 28 U.S.C. § 1447(e). Docket No. 37.  Plaintiff now moves to amend her complaint to (1) re-assert her claims

against the joined defendants and (2) add as plaintiffs two "necessary parties," Adrian A. Chevarria and Edward S. Vigil.  Docket No. 43 at 2-4.

In the proposed second amended complaint, plaintiff alleges Chevarria and Vigil are "resident[s]" of Colorado who maintain residential addresses in Brighton, Colorado.  Docket No. 43-3 at 2, ¶¶ 3-4.  As to the joined defendants, plaintiff alleges that LogicData is a North Carolina corporation with its principal place of business in Michigan.  *Id.*, ¶ 7.  Plaintiff alleges that, "[u]pon information and belief," Limoss is a Mississippi limited liability company.  *Id.*, ¶ 8.  Plaintiff further alleges that, "[b]ased on reasonable investigation," Limoss has five members who are "residents of the State of Mississippi and not residents of or domiciled in the State of Colorado."  *Id.*, ¶¶ 9-10.  Similarly, plaintiff alleges that, "[u]pon information and belief," Raffel is a Wisconsin limited liability company, and that "[b]ased upon reasonable investigation," Raffel has five members who are "residents of the State of Wisconsin and not residents of or domiciled in the State of Colorado."  *Id.* at 3, ¶¶ 11-13.

## II. ANALYSIS

In removing the case, Franklin asserted jurisdiction under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Plaintiff is a citizen of Colorado[1] and Franklin is a citizen of Mississippi.  Docket No. 17 at 1-2, ¶¶ 2, 4.

---

[1] Although the complaint alleges that plaintiff is a "resident" of Colorado, *see* Docket No. 17 at 1, ¶ 2, Franklin provided sufficient information in response to the Court's order to show cause for the Court to determine that plaintiff is a Colorado

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

### A.  Individual Defendants

The proposed second amended complaint alleges that Chevarria and Vigil are "resident[s]" of Colorado who maintain residential addresses in Brighton, Colorado. Docket No. 43-3 at 2, ¶¶ 3-4.  This allegation does not establish these parties' citizenships.  Residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  In plaintiff's motion, plaintiff avers that Chevarria and Vigil are joint tenants with her in property located in Brighton, Colorado.  However, this averment is insufficient to show that Chevarria and Vigil have established their domiciles in Colorado.  Because the proposed second amended complaint fails to adequately allege the citizenships of Chevarria and Vigil, the Court assumes that the joinder of these plaintiffs would destroy subject matter jurisdiction.  Thus, the Court will

---

citizen.  *See* Docket Nos. 28, 34.

deny joinder of Chevarria and Vigil without prejudice pursuant to 28 U.S.C. § 1447(e).[2]

### B.   LLC Defendants

For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). The proposed second amended complaint fails to adequately allege the citizenships of Limoss and Raffel.

First, the complaint alleges that the members of those LLCs are "residents" of Mississippi and Wisconsin, respectively. However, residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

Second, "[i]t is well established that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010). A pleading that sets forth the states of which a party is not a citizen is insufficient to establish subject matter jurisdiction. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("That Mr.

---

[2] Even assuming that joining Chevarria and Vigil would not destroy subject matter jurisdiction, plaintiff's motion for leave to amend lacks any argument as to why they are "required parties" within the meaning of Fed. R. Civ. P. 19.

Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a . . . Court of the United States.'") (quoting *Cameron v. Hodges*, 127 U.S. 322, 324 (1888)). Thus, the proposed second amended complaint's allegations that none of Limoss or Raffel's members are domiciled in Colorado cannot establish this Court's jurisdiction. *See Apodaca v. Sizzling Caesars, LLC*, No. 19-cv-03621-PAB, 2020 WL 773069, at *2 (D. Colo. Feb. 18, 2020) (holding that the party asserting jurisdiction could not meet its burden by "argu[ing] in the negative and stat[ing] that the members are not citizens of" a particular state).

Finally, plaintiff's representation that it has affirmative knowledge of each member of Limoss and Raffel by stating that its allegations are "based on reasonable investigation" is insufficient. *See* Docket No. 43-3 at 2, ¶ 8.[3] While plaintiff details her investigative steps in her motion, Docket No. 43 at 2-3, she does not explain why "company investigator reports" compiled through Westlaw that identify "certain individuals as corporate officers" of each LLC is a sufficient basis to establish that those individuals are (1) members of the LLC and (2) a complete list of the members of the LLC. As the Supreme Court has acknowledged, the law in this area "can validly be

---

[3] The Court notes that averments "upon information and belief" are unsupported allegations that are insufficient to confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.* v. Pinkard Const. Co., No .09-cv-00491-PAB-MJW, WL 2338116, at *3 (D. Colo. July 28, 2009) (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

5

characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). However, that does not relieve plaintiff of her burden to demonstrate this Court's subject matter jurisdiction. *See, e.g.*, *Foremost Signature Ins. Co. v. Am. Emergency Response & Recovery Co., LLC*, No. 20-cv-00299-PAB, 2020 WL 3469699, at *1 (D. Colo. June 25, 2020) (noting that an LLC guarding the identity of its members "is not an equitable exception to the need for a party who files a case in federal court to demonstrate subject matter jurisdiction").

Because the proposed second amended complaint fails to adequately allege the citizenships of Limoss and Raffel, the Court assumes that the joinder of these defendants would destroy subject matter jurisdiction. Thus, the Court will deny joinder of these defendants without prejudice pursuant to 28 U.S.C. § 1447(e).[4]

## C.   LogicData

Because the jurisdictional allegations against LogicData are adequate, the Court turns to Fed. R. Civ. P. 15(a). Rule 15(a) provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court may deny leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Warnick v. Cooley*, 895 F.3d 746, 755

---

[4] Plaintiff does not argue that the Court should nonetheless join the diversity-destroying parties and remand the case to state court, as 28 U.S.C. § 1447(e) permits. *See* 14C Charles A. Wright et al., *Fed. Prac. & Proc.* § 3723 (4th ed. July 2020 update) (discussing the factors federal courts consider in determining whether to allow joinder and remand).

(10th Cir. 2018) (internal quotation marks omitted). Here, there is no indication that plaintiff unduly delayed in asserting claims against LogicData or is bringing the claims in bad faith. Nor is there any evidence that Franklin, who does not oppose the motion, would be prejudiced by allowing amendment.

Further, joinder of LogicData is permissible under Fed. R. Civ. P. 20(a)(2). The crux of plaintiff's complaint is that a couch owned by plaintiff caught on fire, which subsequently burned down her home. *See* Docket No. 43-3 at 3-4, ¶¶ 17-24. Defendant Franklin, who manufactured the couch, designated LogicData as a nonparty at fault, and plaintiff alleges that LogicData "designed and manufactured . . . the allegedly faulty electrical rectangular power switch" that caused the couch to catch on fire. *See id*. at 5, ¶ 35. As a result, plaintiff claims that LogicData "may be partially or wholly at fault" for her damages under negligence or strict liability theories. *See id*. at 6, ¶ 38. Thus, plaintiff's right to relief against LogicData is "arising out of the same transaction, occurrence, or series of transactions or occurrences" as its right to relief against Franklin. *See* Fed. R. Civ. P. 20(a)(2)(A).

Accordingly, the Court will grant the motion to amend to add claims against LogicData.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Unopposed Second Motion for Leave to Amend Complaint to Join Parties [Docket No. 43] is **GRANTED IN PART** and **DENIED IN PART** as consistent with this order. It is further

**ORDERED** that plaintiff shall file a revised version of Docket No. 43-3 as the operative complaint on or before **August 27, 2020**. The revised version should be consistent with this order; specifically, it should not include any claims by Adrian A. Chevarria and Edward S. Vigil as plaintiffs or claims against Limoss US, LLC and Raffel Systems, LLC as defendants.

DATED August 10, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge